UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANNETTE GLOVER,                                CIVIL ACTION NO.

           Plaintiff,                        VERIFIED COMPLAINT

      -against-

CONTINUUM HEALTH PARTNERS, INC.                PLAINTIFF DEMANDS A TRIAL
and BETH ISRAEL MEDICAL CENTER,                BY JURY

           Defendants.
-------------------------------------------------------------X

      Plaintiff, ANNETTE GLOVER, by her attorney Timothy P. Devane, Esq., complaining of the defendant, alleges as follows, upon information and belief:

### I

### JURISDICTION AND VENUE

1.    This action is brought to remedy discrimination on the basis of race, sex and age in violation of Title VII of the 1964 Civil Rights Act, as amended, the Age Discrimination in Employment Act, 42 U.S.C. §2000 et seq., 42 U.S.C. §1981, 42 U.S.C. §1985, and the First and Fourteenth Amendment to the United States Constitution. Jurisdiction is based on 42 U.S.C. §2000e-5(f)(3), 28 U.S.C. §§1331 and 1343(3)(4).

2.    Supplemental jurisdiction pursuant to 28 U.S.C. §1367 is sought to remedy discrimination on the basis of race, sex and age and in retaliation for the exercise of rights in violation of New York Executive Law, §290 et seq. and New York City Administrative Code, §8-101, et seq.

3.    Injunctive and declaratory relief, damages, attorneys fees and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e-5(g) and (k), 42 U.S.C. §1981A, 42 U.S.C. §1988, the First and Fourteenth Amendment to the United States

Constitution, New York State Executive Law, §297(9), and New York City Administrative Code, §8-502.

4.     As many of the unlawful practices complained of herein occurred within the Southern District, venue is proper in this District pursuant to 42 U.S.C. §2000e-5(f)(3) and 29 U.S.C. §1391(b).

II

DETERMINATION BY THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

5.     The United States Equal Employment Opportunity Commission determined that "The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge."  Enclosed please find the determination of the United States Equal Employment Opportunity Commission as Exhibit "A".

III

PARTIES

6.     Plaintiff was employed by the defendants CONTINUUM HEALTH PARTNERS, INC. and BETH ISRAEL MEDICAL CENTER as a Registered Nurse at Beth Israel Medical Center located at First Avenue at 16th Street, County of New York, State of New York and had worked for the defendant as a Registered Nurse from 1986 to December 14, 2004 prior to her unlawful termination.  Prior to working as a Registered Nurse Plaintiff worked as a telephone operator for the defendants for approximately twenty years.  In total, Plaintiff had worked for the defendant for approximately 38 years prior to

her constructive discharge.

7. Plaintiff ANNETTE GLOVER was and still is at all times hereinafter mentioned a resident of the State of New York, County of Kings.

8. At all times herein mentioned, Defendant CONTINUUM HEALTH PARTNERS, INC. was and still is a domestic corporation organized and existing under the laws of the State of New York.

9. At all times hereinafter mentioned, defendant CONTINUUM HEALTH PARTNERS, INC. was and still is a foreign corporation licensed to do business in the State of New York.

10. At all times hereinafter mentioned, defendant CONTINUUM HEALTH PARTNERS, INC. was and still is a business partnership licensed to do business in the State of New York.

11. At all times hereinafter mentioned, defendant BETH ISRAEL MEDICAL CENTER was and still is a domestic corporation organized and existing under the laws of the State of New York.

12. At all times hereinafter mentioned, defendant BETH ISRAEL MEDICAL CENTER was and still is a foreign corporation licensed to do business in the State of New York.

13. At all times hereinafter mentioned, defendant BETH ISRAEL MEDICAL CENTER was and still is a business partnership licensed to do business in the State of New York.

14. At all times hereinafter mentioned, defendant BETH ISRAEL MEDICAL CENTER was and still is a hospital located at First Avenue and 16th Street, County of

New York, State of New York that is the subject of this lawsuit.

15. At all times hereinafter mentioned, defendant BETH ISRAEL MEDICAL CENTER had a principal place of business at First Avenue at 16th Street, County of New York, State of New York.

16. At all times hereinafter mentioned, defendant CONTINUUM HEALTH PARTNERS, INC., since November 25, 1996, became the parent company of defendant BETH ISRAEL MEDICAL CENTER.

17. At all relevant times, plaintiff had been an employee of defendant BETH ISRAEL MEDICAL CENTER at all times and an employee of defendant CONTINUUM HEALTH PARTNERS, INC. since November 25, 1996 prior to her wrongful termination.

18. Defendants CONTINUUM HEALTH PARTNERS, INC. and BETH ISRAEL MEDICAL CENTER are employers within the meaning of Title VII, 42 U.S.C. §2000(e)(b), the Human Rights Law §292(5) and the Administrative Code §8-102(5).

19. The employees of Defendants CONTINUUM HEALTH PARTNERS, INC. and BETH ISRAEL MEDICAL CENTER hereinafter referred to in this complaint were supervisors of plaintiff and at all relevant times acted vicariously on behalf of the employer. None of these supervisors are African-American.

IV

FACTUAL ALLEGATIONS COMMON TO
ALL CAUSES OF ACTION:

20. Plaintiff, who is a sixty year old African-American woman, had worked at Beth Israel Medical Center-Petrie Division owned, operated, managed, maintained, and

controlled by the defendants CONTINUUM HEALTH PARTNERS, INC. for approximately thirty eight years, and as a Registered Nurse since 1986.

21.     Prior to Plaintiff's wrongful termination, she had performed her work duties admirably.  However, Plaintiff had been involved in previous disputes with management regarding honoring her sick time.  After an arbitrator's award, the defendants never complied with the Arbitrator's decision awarding Plaintiff sick time and vacation time.

22.     On December 11, 2004 Plaintiff was threatened by a co-worker who stated that he would have her written up again if his verbal order was not carried out.  PJ Bienvides is a Nurse Practitioner (NP) who is Filipino and upon information and belief is a male who intends to become a woman (pre-operative).  He seemed to resent the Plaintiff ever since she called him PJ, instead of Patricia, a name that he calls himself.  According to the bylaws of the union contract, a threat such as the one made by PJ Bienvides to Plaintiff is grounds for immediate dismissal.  After being threatened by him Plaintiff called the evening supervisor Aurora Lopez and told her on the phone that she was threatened by PJ Bienvides.  Ms. Lopez came to the unit and Plaintiff spoke to her again about the threat.  The order written was to medicate an infant for agitation.  The infant was not agitated but was clearly in respiratory distress.  The Nurse Practitioner Ginger Hsu, who was working during the night, never examined the infant and did not listen to Plaintiff when she asked for the infant to be evaluated.  After the threat Dr. Perotta came in and Plaintiff asked her to observe the infant to determine if she thought the infant was in an agitated state.  She replied "no" but it's clear that the infant needs to be intubated (given a breathing tube).  Dr. Perotta made a statement about people playing nurse and ordered the infant sedated and then the infant was intubated.  Plaintiff stayed to speak to her immediate supervisor,

Ms. Watson. Plaintiff spoke to her about the incident, but she was more interested in giving Plaintiff a write-up regarding her sick time. During their conversation she never wrote down anything Plaintiff said. Plaintiff left to go home with a copy of the sick time write-up.

23. Approximately two days later Plaintiff was called at work by Ms. Watson and was told that she was to meet with her and Ms. Reich in the morning (after Plaintiff had worked 12 hours) and to bring a union delegate. Working in the NICU for 12 hours gave Plaintiff not time to seek out a union delegate. However, in the morning after being relieved, Ms. Reich called a delegate who agreed to represent Plaintiff. Plaintiff did not protest because she was tired and wanted this to end as soon as possible. This meeting was the first of three that were held. At each meeting there was no mention ever of the threats made to Plaintiff by her co-worker. Plaintiff's charting manner was discussed, the length of her nails, anything but the threat made against her. Plaintiff has a history with the defendant over issues regarding sick time and vacation time. Plaintiff received an arbitration decision that awarded her sick time and vacation time. Plaintiff received an arbitration decision that awarded her sick time that had been denied to her, which has not been honored to date by the defendant. Plaintiff was forced to stay on for the meeting after her shift after having worked 12 hours. Plaintiff's tour of duty was 7 P.M. to 7:30 A.M. The meetings started at 8 A.M.

24. On December 14, 2004 Plaintiff gave her resignation at the end of the third meeting. Ms. Reich stated to her before she resigned that they will meet again to decide if any disciplinary action would be taken. Plaintiff realized at that time that she was indeed being set up and handed her letter of resignation to her, knowing that they wanted

the privilege to fire her and have her escorted out of the hospital with security guards. Therefore, Plaintiff claims that she was forced under duress to resign, and was constructively discharged.

25.     Plaintiff claims that she was subjected to a hostile work environment and constructively discharged due to her race, sex and age.  Before Ms. Watson became the Nurse Manager of the NICU where Plaintiff worked, Ms. Nori Young, who was Filipino, was her supervisor.  She gave Plaintiff difficulty regarding sick time and vacation time, and subjected Plaintiff to biased treatment.  She created a hostile environment which survived Ms. Watson and Ms. Reich becoming her supervisors.  When Ms. Young was her supervisor, she would exclude Plaintiff from conferences attended by her Filipino co-workers, Plaintiff would be excluded from work-related functions, attended by her Filipino co-workers, and Plaintiff was harassed for taking time off when Plaintiff's mother passed away, although Ms. Young would accommodate the Filipino employees if they had a similar need to take time off for personal reasons.  Since Ms. Watson and Ms. Reich were new to the job, Plaintiff contends that they simply allowed the biased treatment against her as an African-American older female to continue to insure better relations with Plaintiff's Filipino co-workers.  The person who threatened Plaintiff was a Filipino who took issue with the way Plaintiff addressed him as a male, rather than as a female.  PJ Bienvides had influence with his Filipino co-workers and Plaintiff contends that he used this influence to convince Plaintiff's new supervisors to discriminate against Plaintiff.  Plaintiff contends that PJ Bienvides was bragging to other employees that he got Plaintiff fired.  PJ Bienvides had incentive to see Plaintiff fired, since he was not in a union.  Therefore, he needed to get back on the staff because he was not making as much

money as the Registered Nurses.  However, with Plaintiff out of the picture, there would be an open spot for him on the staff.  PJ Bienvides (NP) was Filipino.  The majority of the Registered Nurses who worked with Plaintiff were Filipino, and they were treated differently than Plaintiff was by her former supervisor, and Plaintiff was treated differently than PJ Bienvides as a result of the events of December 11, 2004.  The majority of Plaintiff's co-workers were younger than her, as well.

26.     As a result of this constructive discharge, Plaintiff lost all her employee benefits; sick time, health benefits, pension, vacation time, seniority, and promotion opportunity.  Plaintiff was close to retirement and would have been eligible for a twenty year bonus.  Plaintiff also has not received any money from her pension.

27.     Defendants CONTINUUM HEALTH PARTNERS, INC. and BETH ISRAEL MEDICAL CENTER was deliberately indifferent to Plaintiff's complaints of harassment.  Defendant's continued acquiescence, retaliation, action or inaction amounted to a policy or custom of toleration of sex, race and age discrimination and retaliation.

28.     Defendants CONTINUUM HEALTH PARTNERS, INC. and BETH ISRAEL MEDICAL CENTER has failed to effectively train its employees about preventing harassment and race, age and sex discrimination or about investigating or disciplining harassment and sex, race and age discrimination.

29.     Defendants CONTINUUM HEALTH PARTNERS, INC. and BETH ISRAEL MEDICAL CENTER's custom or policy of refusing to effectively investigate complaints of harassment and sex, race and age discrimination or to discipline offenders guilty of harassment and sex, race and age discrimination amounted to deliberate indifference on the part of the defendant.

30.     Defendants CONTINUUM HEALTH PARTNERS, INC. and BETH ISRAEL MEDICAL CENTER's retaliation of plaintiff is based on sex, race and age and a hostility to equal treatment of female African-American employees of advanced age.

31.     Defendants CONTINUUM HEALTH PARTNERS, INC. and BETH ISRAEL MEDICAL CENTER's failure to effectively investigate and remedy harassment and sex, race and age discrimination is based on sex, race and age discrimination and causes a chilling of elderly female African-American employees' protected rights.

32.     Based on the foregoing, the defendants CONTINUUM HEALTH PARTNERS, INC. and BETH ISRAEL MEDICAL CENTER's pattern or practice of harassment and sex, race and age discrimination to exist which has subjected Plaintiff to an abusive or hostile discriminatory environment based on sex, race and age.

V

FIRST CAUSE OF ACTION

33.     In wrongfully terminating plaintiff, defendants have discriminated against plaintiff on the basis of her sex, race and age and in retaliation for her opposition to discrimination against her on the basis of her sex, race and age, in violation of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act.  Defendants intentionally, willfully, and without justification, acted to deprive plaintiff, on the ground of her sex, race and age, of her rights, privileges and immunities, particularly of her right to be free of discrimination on the basis of her sex, race and age in the workplace and her right to oppose and complain of discrimination against herself on the basis of her sex, race and age.  Defendants has a duty to provide and ensure a workplace for Plaintiff and other female African-American employees of advanced age, free of innuendo on the basis

of sex, race and age, intimidation, discriminatory animus and retaliation, and to enforce the rules, regulations and laws necessary to protect her and other female African-American employees of advanced age from a hostile or abusive work environment and retaliation for exercising protected rights.

34.  The defendants, despite knowledge and adequate opportunity to learn of the misconduct of their agents, subordinates and employees, adopted, approved and ratified these acts, omissions and misconduct.

35.  Plaintiff has and will continue to suffer irreparable injury, loss of income, loss of promotion opportunity, loss of pay raises, loss of employee benefits; sick time, health benefits, pension, vacation time, and seniority, psychological trauma, mental anguish and humiliation as a result of defendant's discriminatory practices unless and until this Court grants relief.  Plaintiff was also close to retirement and would have been eligible for a twenty year bonus.

36.  That as a result of the foregoing, plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

VI

SECOND CAUSE OF ACTION

37.  Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "36" of the amended complaint with the same force and effect as if more fully set forth herein.

38.  Defendants have discriminated against plaintiff by terminating plaintiff on the basis of her sex, race and age in retaliation asserting rights protected by the U.S. Constitution in violation of the First and Fourteenth Amendments of the United States

Constitution, 42 U.S.C. §1981, and 42 U.S.C. §1985.

39. Defendants, by their conduct herein alleged, intentionally, willfully and without justification, deprived plaintiff on grounds of her sex, race and age, of her rights, privileges and immunities secured by the Constitution and the laws of the United States, including but not limited to her rights to equal protection of laws provided by the Fourteenth Amendment, and her right to free speech provided by the First Amendment, and in violation of 42 U.S.C. §1981 and 42 U.S.C. §1985.

40. Plaintiff has and will continue to suffer irreparable injury, loss of income, loss of promotion opportunity, loss of pay raises, loss of employee benefits; sick time, health benefits, pension, vacation time, and seniority, psychological trauma, mental anguish and humiliation as a result of defendants' discriminatory practices unless and until this Court grants relief.  Plaintiff was also close to retirement and would have been eligible for a twenty year bonus.

41. That as a result of the foregoing, plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

VII

THIRD CAUSE OF ACTION

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "41" of the complaint with the same force and effect as if more fully set forth herein.

43. In wrongfully terminating plaintiff, defendants have discriminated against plaintiff in the workplace on the basis of her sex, race and age in violation of New York Executive Law, §290, et seq. and New York City Administrative Code, §§8-101 et seq.

44.     Defendants have discriminated against plaintiff on the basis of her sex, race and age and in retaliation for her opposition and complaint of discrimination directed at her based on her sex, race and age, and intentionally, willfully and without justification, acted to deprive her, on the grounds of her sex, race and age, her rights, privileges and immunities, particularly of her right to be free of harassment based on her sex, race and age, and discrimination in the workplace based on her sex, race and age, and her right to oppose and complain of harassment on the basis of her sex, race and age, and discrimination against herself, based on her sex, race and age.  Defendants have a duty to provide and ensure a workplace for Plaintiff and other female African-American employees of advanced age free of innuendo, intimidation, discriminatory animus and retaliation, and to enforce the rules, regulations and laws necessary to protect her and other female African-American employees of advanced age from a racially hostile or abusive work environment and retaliation for exercising protected rights.

45.     The defendants, despite knowledge and adequate opportunity to learn of the misconduct of the agents, supervisors and employees, adopted, approved and ratified these acts, omissions and misconduct.

46.     Plaintiff has and will continue to suffer irreparable injury, loss of income, loss of promotion opportunity, loss of pay raises, psychological trauma, mental anguish and humiliation as a result of defendants' discriminatory practices unless and until this Court grants relief.

47.     That as a result of the foregoing, plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

(a) declaring that the acts and practices complained of herein are in violation of Title VII, the Age Discrimination in Employment Act, the First and Fourteenth Amendments, 42 U.S.C. §1981, 42 U.S.C. § 1985, New York Executive Law and New York City Administrative Code;

(b) enjoining and permanently restraining these violations of Title VII, the Age Discrimination in Employment Act, the First and Fourteenth Amendments, 42 U.S.C. §1981 and 42 U.S.C. §1985, New York Executive Law and New York City Administrative Code;

(c) directing defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and to not continue to affect plaintiff's employment opportunities;

(d) awarding plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII and 42 U.S.C. §1988;

(e) directing defendants to pay plaintiff compensatory damages and damages for lost income, lost promotional opportunities, loss of pay raises, loss of employee benefits; sick time, health benefits, pension, vacation time, and seniority, psychological trauma, mental anguish and humiliation in the First Cause of Action in the amount of FIVE MILLION DOLLARS ($5,000,000.00);

(f) directing defendants to pay plaintiff compensatory damages and damages for lost income, lost promotional opportunities, loss of pay raises, loss of employee benefits; sick time, health benefits, pension, vacation time, and seniority, psychological trauma, mental

anguish and humiliation in the Second Cause of Action in the amount of FIVE MILLION DOLLARS ($5,000,000.00);

(g) directing defendant to pay plaintiff compensatory damages and damages for lost income, lost promotional opportunities, loss of pay raises, loss of employee benefits, sick time, health benefits, pension, vacation time and seniority, psychological trauma, mental anguish and humiliation in the Third Cause of Action in the amount of FIVE MILLION DOLLARS ($5,000,000.00);

(h) directing defendant to pay punitive damages and granting such other and further relief as this Court deems necessary and proper.

DEMAND FOR A TRIAL BY JURY

Pursuant to 42 U.S.C. §1981A and Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated:  New York, New York
        January 30, 2006

                                                Yours, etc.


                                                _____
                                                Timothy P. Devane (TD 8903)
                                                Attorney for Plaintiff
                                                ANNETTE GLOVER
                                                204 West 84th Street
                                                New York, New York 10024
                                                (212) 877-8594